996 So.2d 435 (2008)
Clyde HAIR, Plaintiff-Appellant
v.
LOUISIANA CRANE & TRUCKING COMPANY, Defendant-Appellee.
No. 43,566-WCA.
Court of Appeal of Louisiana, Second Circuit.
September 17, 2008.
*436 O'Neal Law Offices By Hodge O'Neal, III, Baton Rouge, for Appellant.
Hayes, Harkey, Smith & Cascio, L.L.P., By John Bibb Saye, Monroe, for Appellee.
Before BROWN, DREW and LOLLEY, JJ.
DREW, J.
The sole issue is whether the injured truck driver was an employee entitled to workers' compensation benefits or an independent contractor who was not. Clyde W. Hair, a trucker, hauled goods for Louisiana Crane and Trucking Company ("LCT"), a carrier, beginning in 1999. On August 23, 2005, the business relationship was formalized by contract to be that of an independent contractor.
Less than a year later, on May 23, 2006, and while hauling a load for LCT, Hair was badly injured in a Kentucky traffic accident. Hair filed for workers' compensation benefits. LCT responded with a motion for summary judgment, claiming that no compensation benefits were due to Hair, since he was an independent contractor.
The trial court granted the summary judgment, dismissing Hair's claims. Hair now appeals the trial court's ruling. We affirm.

DISCUSSION
In a nutshell, the issue here is the appropriate interpretation of Subsections (7) and (10) of La. R.S. 23:1021.[1]
*437 The trial court considered these facts pertinent, in finding no employer-employee relationship:
 first and foremost, the written contract of August 23, 2005, which specifically defined the status of the parties, and further required Hair to provide his own workers' compensation insurance;
 Hair owned his own truck, for which he paid fuel and all upkeep;
 Hair secured his own commercial driver's license, at his cost;
 LCT issued Forms 1099, not W-2s, to Hair;
 LCT paid Hair a percentage for each load, in lieu of an hourly wage; and
 Hair chose his own route and set his own hours and work traits.
The result here is harsh, but the contract could not be much clearer. The facts of this case, as applied to the law and to the contract between the parties, inescapably preponderates towards affirming the ruling made by the trial court. Signatures to legal documents have significance and consequences, and we find that the relationship of the parties, as per contract, and as implemented on the ground, was that of a contract carrier that contracted with an independent contractor truck driver.

DECREE
The ruling of the trial court, granting the motion for summary judgment in favor of Louisiana Crane and Trucking company, is AFFIRMED at Clyde W. Hair's costs.
NOTES
[1] § 1021. Terms defined

As used in this Chapter, unless the context clearly indicates otherwise, the following terms shall be given the meaning ascribed to them in this Section:
* * *
(7) "Independent contractor" means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter. The operation of a truck tractor or truck tractor trailer, including fueling, driving, connecting and disconnecting electrical lines and air hoses, hooking and unhooking trailers, and vehicle inspections are not manual labor within the meaning of this Chapter.
* * *
(10) "Owner operator" means a person who provides trucking transportation services under written contract to a common carrier, contract carrier, or exempt haulers which transportation services include the lease of equipment or a driver to the common carrier, contract carrier, or exempt hauler. An owner operator, and the drivers provided by an owner operator, are not employees of any such common carrier or exempt hauler for the purposes of this Chapter if the owner operator has entered into a written agreement with the carrier or hauler that evidences a relationship in which the owner operator identifies itself as an independent contractor. For purposes of this Chapter, owner operator does not include an individual driver who purchases his equipment from the carrier or hauler, and then directly leases the equipment back to the carrier or hauler with the purchasing driver.